1 | P a g e

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                                  Case No.: 15-11217-BKC-AJC

Rudolfo Menendez                                                Chapter 7

    Debtor.

_____/

**OBJECTION TO HOMESTEAD EXEMPTION
AND OBJECTION TO DISCHARGE**

    Maria Teresa Davila, Creditor, by and through her undersigned counsel, hereby files her objection to the Homestead Exemption and Objection to Discharge.  In support thereof Movant states as follows:

    1.    On January 22, 2015, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida.

    2.    In his Schedule C, the Debtor has claimed as exempt his homestead, under Fla. Const. Art.X§4(a)(1) with a current value of  $165, 000.00 and Fla. Stat. Ann §§222.01 and 222.02.

    3.    Prior to the commencement of this case, Movant has filed suit against the debtor in United States District Court for the Southern District of Florida, alleging the debtor violated Fair Labor Standard Act minimum wage provisions concerning  his prior-live in nanny/housekeeper.

4. Movant's claims against the debtor, who was represented by counsel, went to trial on January 13, 2011. After remand, the matter again went to trial on September 3, 2014.

5. After the 2011 jury trial, the jury returned a verdict in favor of movant against the debtor, awarding her $33,025.00 in damages and entering judgment against the debtor jointly and severally liable. The court then entered a separate order on attorney fees in the amount of $28,953.15 and costs in the amount of $3,176.60 (the "lien").[1] That judgment and order against the debtor is now final and has been listed in Schedule F.

6. No part or portion of the $65,154.75 has ever been satisfied.

7. Subsequent to the entry of the judgment and during the pendency of appeal, debtor over a span of about 2 years switched title and interest in the property listed at Schedule C on three separate occasions.

8. The first quit claim occurred on November 9, 2011 and is recorded at BK 27888 Pg 4717 in the Miami Dade County land records. It appears that this was a transfer of all *interests* out of RCL Investment Services, Inc. into Ervin Menendez (debtor in his matter).

9. The second quit claim occurred on January 23, 2012, whereby Ervin Menendez, quit claimed his interest out then to RCL Investment Services, Inc. This deed is recorded in the Miami Dade County land records at BK 27970 Pg 2521.

10. The third quit claim occurred when RCL Investment Services, Inc., then quit claimed its interest on June 21, 2012 back to Ervin R. Menendez. This deed is recorded among the land records for Miami-Dade County land records at BK 28159 Pg 494.

---

[1] Recorded on February 25, 2012 at BK 28060 Pgs 0784 -7891, in the total amount of $32, 129.75. Creditors entire claim is for $65, 154.75.

11. Based upon information and belief, in a deposition in aid of execution, the debtor testified that the only funds he had been receiving came from his military disability payment.

12. At his 2004 Examination, (hereinafter the "Exam") Debtor testified that he had in his business banking account enough money to satisfy the final judgment. Witcher v. Early (In re Witcher), ___F3d____, 2012 WL 6200619*4 (11th Cir. Dec. 13, 2012)(debtors ability to pay his debt may be taken into account under the totality of the circumstances test set forth in 11 U.S.C.§702(b)(3)(B).

13. Debtor furthermore testified that he withdrew and depleted large sums of money exceeding $100,000.00 from his business bank account. Instead of satisfying movant's judgment debtor spent a majority of his savings on personal gain and personal enjoyment. He testified that he gambled his money away at the Hardrock Hotel and traveled to Colombia and the Dominican Republic. The remainder of the $500.00 in his account was spent on a Cruise.

14. The Creditor takes the position that under 11 U.S. C. §727(a)(3) the debtor converted over $100,000.00 in non-exempt assets (cash proceeds from his business account) for his personal leisure with the intent to hinder, delay, or defraud creditors.[2]

15. The Debtor, in his operation of various businesses, including RCL Investment Services, Inc. RCL Construction and Global Security Specialist, Inc. operated these businesses as his alter egos, seeking to shield himself from personal liability while at the same time using funds of these businesses for personal purposes.

---

[2] Tabas v. Lehman,(In re Capital Inv.,Inc.), 473 B.R. 838, (Bankr. S.D. Fla. 2012) (gambling and gambling debt may provide value).

16. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code §727(a)(3).

17. The Creditor moreover objects to the claimed homestead exemption because the Debtor came into possession of *interest and title* by a transfer of property which was titled in his business 945 days before filing for bankruptcy.

18. Because it was not his homestead for the entire period of time, the Debtor appears to have converted the non-exempt property into homestead property, before filing of the bankruptcy. Florida courts have repeatedly held that the homestead exemption must be for 1,215 days. Here, his asset interest was titled in the name of his business for a portion of that period of time.

19. Next, the Creditor objects to the homestead exemption because her judgment, in particular the lien, should have priority because it was entered prior to establishment of debtor's homestead. Debtor established his homestead was based upon the last quit claim of interest on June 21, 2012. This is not in dispute. Because his homestead was established on that June 21, 2012, debtor is not entitled to his homestead exemption. Nationwide Financial Corporation v. Thompson, 400 So.2d 559 (Fa. 1st DCA 2982); Smith v. Hamilton, 428 So.2d 389 (Fla. 4th DCA 1983). Debtor bears the burden of proving up that he's entitled to homestead. Remington Investments, Inc. v. Seiden, 6 Fla. L. Weekly Supp. 427b (15th Judicial Circuit 1999) (citing Matthews v. Jeacle, 55 So. 85 (Fla. 1911); Banks v. Banks, 98 So. 2d 337 (Fla. 1957).

20. Finally, during the Exam, the debtor testified that he spent $50, 000.00 of the funds to pay off an existing mortgage from his then existing business account.

21. It is not disputed that the Debtor withdrew a substantial amount of money from his business account within 12 months of filing for bankruptcy and utilized those funds to pay off an existing mortgage on her newly claimed homestead.

22. The Creditor takes the position that under 11 U.S. C. §522(o)(4) the debtor converted funds in excess of $50,000.00 in non-exempt assets (cash proceeds his business account) to satisfy an existing mortgage with the intent to hinder, delay, or defraud creditors.

23. Maria Davila is the primary creditor listed. Ms. Davila's claim consists of approximately 95% or more of the bankruptcy estate.[3]

WHEREFORE, Davila moves for an entry of an Order: (1) sustaining this Objection to the Debtor's claim of exemptions as to the Homestead (2) sustaining this Objection as to the Discharge of debtor's claims and; (3) Dismiss the Debtor's Petition under 11. U.S.C. §707.

DATED April 30, 2015.

J.H. Zidell, P.A.
300 – 71st Street, Suite 650
Miami Beach, Florida 33141
(305) 809-6781
steven.fraser.esq@gmail.com

*/s/ Steven C. Fraser*

_____
Steven C. Fraser
Florida Bar Number 625825
Attorney for Creditor Davila

---

[3] The District Court, on March 5, 2015 entered a tentative order granting creditors motion to impose liquidated damages due to lack of good faith on part of the Debtor.

6 | P a g e

## CERTIFICATE OF SERVICE

      I hereby certify that on May 1, 2015, I electronically filed this Objection to Homestead Exemption and Objection to Discharge with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

      __/s/Steven C. Fraser__
Steven C. Fraser, Esq.
Fla. Bar No. 625825
J.H. Zidell, P.A.
Attorney for Movant
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167
Email: steven.fraser.esq@gmail.com

## SERVICE LIST

via U.S. Mail
Rudolfo Mendez
1582 NE 183 Street
North Miami Beach, FL 33179

U.S. Trustee
Office of the U.S. Trustee
51 S.W. 1st Avenue, Suite 1204
Miami, Florida 33130
USPTRegoin21.mm.ecf@usdoj.gov

Marcia T. Dunn
555 NE 15th Street, Suite 934-A
Miami, Florida 33132
Email" MDunn@dunnbankrtupcy.com
Served via Notice of Electronic Filing

Joel L. Tabas, Esquire
14 NE 1 Ave PH Miami,
Florida 33132
Served Via Notice of Electronic Filing
jtabas@tabasfreedman.com

## Matrix Service List

Via U.S. Mail
Sprint
8014 Bayberry Rd
Jacksonville, FL 32256-7412